UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| RAHEEM H. MCMILLAN,<br>L. M. A minor, as next friend,<br>K. S. An infant child, as next friend,<br><br>     Plaintiffs,<br><br>     v.<br><br>WILLIAM GARRISON Senior Parole Agent,<br>MEGAN ONEY Parole Agent,<br>STEPHEN WALKER Parole Agent,<br>INDIANA PAROLE BOARD,<br>GWENDOLYN HORTH Chairwoman of<br>Indiana Parole Board,<br>CHARLES F. MILLER Chair of Indiana<br>Parole Board,<br>JAMES W. SHAFFER Member of Indiana<br>Parole Board,<br>THOR R. MILLER Member of Indiana<br>Parole Board,<br>FREDRICK A. MEDLEY Member of<br>Indiana Parole Board,<br><br>     Defendants. | No. 2:23-cv-00056-JPH-MJD |

**ORDER SCREENING COMPLAINT, DIRECTING PLAINTIFF TO
SHOW CAUSE, AND DENYING MOTION FOR CLASS CERTIFICATION**

When Raheem McMillan was on parole, he was barred from seeing certain family members, including his minor child. He alleges this violated his due process and freedom of association rights. Because Mr. McMillan is now a "prisoner," the Court must screen his complaint before any defendants may be served. *See* 28 U.S.C. § 1915A(a), (c).[1]

---

[1] Mr. McMillan has paid the initial partial filing fee in this case, dkt. 12, so the Court will issue a collection order to him and his custodian through separate entry.

1

## I.
## Screening Standard

At screening, the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes the *pro se* complaint liberally and holds it to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal*, 851 F.3d at 720.

## II.
## The Complaint

For the purposes of this order, the Court takes the well-pleaded allegations in Mr. McMillan's complaint as true and makes all possible inferences in his favor. *See, e.g., Roe v. Dettelbach*, 59 F.4th 255, 262 (7th Cir. 2023).

Mr. McMillan was on parole in Monroe County, Indiana, from March 9, 2019, to August 29, 2019. Dkt. 1 at 3. He was again on parole from January

16, 2020, to August 21, 2020. *Id.* During that time, conditions of his parole restricted Mr. McMillan's contact with certain family members, including his minor child. *Id.* at 3–5.

Mr. McMillan alleges this violated his procedural and substantive due process rights, as well as his freedom of association. *Id.* He claims the defendants were involved in this violation in the following ways:

First, three parole agents—William Garrison, Megan Oney, and Stephen Walker—and members of the Indiana Parole Board—Gwendolyn Horth, Charles Miller, James Shaffer, Thor Miller, and Fredrick Medley—implemented and/or enforced these conditions. *Id.* at 3–7. He sues these defendants in their individual capacity. *Id.* at 1–2.

Second, the Indiana Parole Board imposed these conditions in violation of Indiana law. *Id.* at 3–5. In particular, the Board did not make an individualized assessment before imposing these parole conditions, which must be "reasonably related to the parolee's successful reintegration into the community and not unduly restrictive of a fundamental right." Ind. Code § 11-13-3-4(b); dkt. 1 at 5–6. Similarly, the Board did not instruct parole agents and supervisors on the correct way to decide his parole conditions, instead merely implementing a standard form. Dkt. 1 at 6.

Since Mr. McMillan brings this suit alleging constitutional violations by state actors, the Court construes the claim as arising under 42 U.S.C. § 1983. Mr. McMillan asks for monetary damages from each defendant sued in their

individual capacity. *Id.* at 8. He also seeks declaratory and injunctive relief against the Board.

## III.
## Discussion of Claims

To start, the Indiana Parole Board is a division of the Indiana Department of Correction. *See* Ind. Code § 11-9-1-1. It is therefore "an agency of the State of Indiana and hence not a 'person' subject to suit pursuant to 42 U.S.C. § 1983." *Klock v. Smith*, No. 1:21-cv-498-JPH-DLP, 2021 WL 2012671, at *1 (S.D. Ind. May 20, 2021); *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, Mr. McMillan's claims against the Board must be **DISMISSED**.

Next, claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations. *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *cf. Hollander v. Brown*, 457 F.3d 688, 691 n.1 (7th Cir. 2006) (noting that, while it's "irregular" to dismiss a claim as untimely under Rule 12(b)(6), it "may be appropriate when the plaintiff effectively pleads [him]self out of court by alleging facts that are sufficient to establish the defense"). That appears to be the case for the rest of Mr. McMillan's claims.

The statute of limitations for this § 1983 case is two years. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012) (citing Ind. Code § 34-11-2-4). Mr. McMillan says that his most recent stint on parole ended on August 21, 2020, *e.g.*, dkt. 1 at 3, and he makes no allegations arising after that date. Thus, Mr.

4

McMillan had, at most, two years from August 21, 2020—the last time he faced the allegedly unlawful condition of parole—to file suit. However, he did not file his complaint until February 6, 2023. *Id.* at 1. Since this is more than five months past his two-year deadline to file suit, it appears his complaint must be dismissed.

Mr. McMillan **SHALL SHOW CAUSE**—that is, explain in writing—by **May 12, 2023,** why his complaint should not be dismissed as time-barred. Failure to do so may result in the dismissal of this case without further notice.

## IV.
## Motion for Class Certification

Mr. McMillan has moved to certify a class in this case. Dkt. 3. The Court may certify a class only if the representative party—here, Mr. McMillan—"will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). Courts have consistently refused to certify class actions brought by *pro se* plaintiffs, finding they cannot adequately represent a putative class. *See, e.g., Howard v. Pollard*, 814 F.3d 476, 478–79 & n.1 (7th Cir. 2015); *Garrick v. Moody Bible Inst.*, 494 F. Supp. 3d 570, 580 (N.D. Ill. 2020) ("[I]t is well-settled that a *pro se* litigant 'cannot adequately represent [a] putative class.'"). Since that's the case here, Mr. McMillan's motion, dkt. [3], is **DENIED**.

## V.
## Representation of Minor Children

Mr. McMillan filed this case individually and on behalf of two minor children, L.M. and K.S. Dkt. 1. A nonlawyer can't handle a case on behalf of

5

anyone except himself, *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013), and a parent "cannot litigate the claims of his children unless he obtains counsel," *Tuttle v. Illinois Dep't of Child. & Fam. Servs.*, 7 F.3d 238, at *1 (7th Cir. 1993).

Along with addressing the statute of limitation issue, Mr. McMillan is **ORDERED to SHOW CAUSE** by **May 12, 2023,** whether counsel will appear on behalf of his minor children.

## VI.
## Conclusion

In sum, the claims against the Indiana Parole Board are **DISMISSED**, and the **CLERK IS DIRECTED** to **terminate** the Board as a Defendant. Mr. McMillan shall **SHOW CAUSE** by **May 12, 2023,** as to (1) why the rest of his complaint should not be dismissed as time-barred and (2) whether counsel will appear on behalf of his minor children. Failure to do so by this date may result in this case being dismissed without future notice.

Additionally, Mr. McMillan's motion for class certification, dkt. [3], is **DENIED**.

**SO ORDERED.**

Date: 4/24/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

RAHEEM H. MCMILLAN
181901
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362